IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADC TECHNOLOGY INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KYOCERA COMMUNICATIONS INC. )<br>and KYOCERA CORPORATION, )<br>)<br>Defendants. ) | Civil Action No. 1:10-cv-3938<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff ADC Technology Inc., for its complaint against Defendants Kyocera Communications Inc. and Kyocera Corporation (collectively "Defendants"), alleges as follows:

## NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## PARTIES

2. ADC Technology Inc. ("ADC") is a corporation organized under the laws of Japan with a principal place of business in Nagoya, Japan. Among other things, ADC develops technology and sells products used in wireless communication.

3. ADC is the owner of a series of patents on inventions made by Toshiharu Enmei for ADC, in the field of mobile communication devices.

4. ADC owns all right, title, and interest in, and has standing to sue for, the infringement of the following United States Patents that are titled

"Portable Communicator":

- No. 6,985,136 issued January 10, 2006 ("the '136 Patent");

- No. 7,057,605 issued June 6, 2006 ("the '605 Patent"); and

- No. 7,567,361 issued July 28, 2009 ("the '361 Patent").

5. Each of the following defendants has infringed one or more of the ADC patents by selling, offering to sell, and/or importing mobile communication devices in the United States, including sales in Illinois and this judicial district.

6. Kyocera Communications Inc. ("Kyocera USA") is a Delaware corporation with an office at 10300 Campus Point Drive, San Diego, California 92121. Kyocera USA is in the business of designing, importing, selling, and distributing mobile communication devices in the United States.

7. Kyocera Corporation ("Kyocera") is the parent of Kyocera USA, and is a corporation organized under the laws of Japan with principal offices in Kyoto, Japan. Kyocera is in the business of designing, manufacturing, importing into the United States, and selling mobile communication devices, among other businesses.

## JURISDICTION AND VENUE

8. This Court has exclusive jurisdiction over the subject matter of this case for patent infringement under 28 U.S.C. § 1338(a).

9. This Court has personal jurisdiction over Kyocera USA and Kyocera because they conduct business in Illinois, and have committed acts of patent infringement in Illinois and this judicial district, such as the marketing and sale of mobile communication devices to customers in Illinois.

10. Each of the defendants has placed its infringing products in the stream of commerce with knowledge and intent that the products would be distributed and sold, directly or through others in a distribution chain, to customers in Illinois and this judicial district.

11. Venue is proper in this judicial district under 28 U.S.C. §§ 1400(b) and 1391. All defendants reside in this district because they are subject to personal jurisdiction here. All defendants have committed acts of infringement in this district, and a substantial part of the infringing acts have occurred here. Kyocera Corporation is an alien corporation that can be sued in any district.

## **PATENT INFRINGEMENT**

12. Kyocera USA and Kyocera have infringed at least one claim of each of the '136, '605, and '361 patents, at least by importing, using, selling, and offering to sell mobile communication devices under the Kyocera and Sanyo brand names, including but not limited to phones designated by the names Sanyo SCP-2700, Sanyo Incognito, Kyocera Zio, Kyocera Torino, Kyocera Wild Card and Kyocera X-tc.

13. Each Defendant's infringement has injured ADC, and ADC is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

14. ADC's injury will continue unless and until this Court enters an injunction against further infringement by all Defendants.

15. ADC has complied with any applicable provisions of 35 U.S.C. § 287.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff ADC Technology Inc. respectfully requests that this Court enter judgment against each of Defendants Kyocera Communications Inc. and Kyocera Corporation, and against their subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A. The entry of judgment in favor of ADC Technology Inc. on the claim of infringement for each of the '136, '605, and '361 patents;

B. An award of damages adequate to compensate ADC Technology Inc. for the infringement that has occurred (together with prejudgment interest from the date the infringement began), but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284;

C. A permanent injunction against further infringement of the '136, '605, and '361 patents;

D. A finding that this case is exceptional and an award to ADC Technology Inc. of all relief provided by 35 U.S.C. § 285; and

E. Such other and further relief that ADC Technology Inc. is entitled to under law, and any additional relief that this Court or a jury may deem just and proper.

## **JURY DEMAND**

ADC Technology Inc. demands a trial by jury on all issues presented in this amended complaint.

        ADC Technology Inc.


        */s/ Dean D. Niro*
        Raymond P. Niro
        Dean D. Niro
        Patrick F. Solon
        Richard B. Megley
        Niro, Haller & Niro
        181 West Madison, Suite 4600
        Chicago, Illinois 60602-4515
        (312) 236-0733
        Fax: (312) 236-3137